UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT JOHN GARCIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIMOTHY BUSBY (Warden) *et al.*,<br><br>　　　　Respondents. | No. LA CV 14-04224-VBF-PLA<br><br>**OPINION AND ORDER**<br><br>Referring Habeas Petition to Ninth Circuit in Compliance with Ninth Circuit Rule 22-3;<br><br>Dismissing Successive Habeas Petition without Prejudice for Lack of Jurisdiction;<br><br>Denying a Certificate of Appealability |

　　　　Proceeding *pro se*, Robert John Garcia ("petitioner") filed this petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. As best as the Court can discern, the petition challenges petitioner's 1973 state murder conviction, as well as some aspect of this Court's actions with regard to petitioner's 2002 habeas petition, in Case No. CV 02-4413-AHS (CT) ("2002 Petition"). (Pet. at 2, 5). In 1978, petitioner filed his first habeas petition in this Court, Case No. CV 78-2414-LEW (T), in which petitioner challenged the same 1973 conviction. (See Judgment in Case No. CV 78-2414-LEW (T)). The 1978 Petition was dismissed on the merits and the judgment was affirmed on appeal. (See Case No. CV 07-

1  7459-AHS (CT), Document ("Doc") No. 3, at 2).  Subsequently, petitioner has filed numerous additional

2  habeas petitions in this Court, with the instant petition being at least the **twentieth**.[1]

3    A federal habeas petition is second or successive if it raises claims that were adjudicated on their

4  merits or could have been adjudicated on their merits in a previous federal habeas petition. *See McNabb v.*

5  *Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per

6  curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or

7  determines that the underlying claim will not be considered by a federal court." *McNabb*, 576 F.3d at 1029.

8  In addition, a dismissal of a habeas claim due to untimeliness constitutes an adjudication on the merits for

9  purposes of AEDPA's second-or-successive petition provisions. *See Cielto v. Hedgpeth*, 2014 WL 1801110,

10 *2 with n.2 (C.D. Cal. Apr. 23, 2014) (Fairbank, J.) (citing, *inter alia*, *Plaut v. Spendthrift Farm, Inc.*, 514

11 U.S. 211, 228, 115 S. Ct. 1447 (1995) ("The rules of finality, both statutory and judge[-]made, treat a

12 dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim,

---

[1] The case numbers for petitioner's previous habeas petitions in this federal district are:

CV 78-2414-LEW (T)

CV 82-3612-LEW (T)
CV 82-5235-LEW (T)
CV 88-5459-RMT (T)
CV 88-7657-RSWL (T)

CV 90-4615-MRP (CT)
CV 93-00493-MRP (T)
CV 99-10514-MRP (CT)
CV 99-13573-MRP (CT)

CV 00-00812-AHM (CT)
CV 00-02681-R (CT)
CV 00-4247-R (CT)
CV 01-6503-HLH (CT)
CV 02-4205-AHS (CT)
CV 02-4413-SVW (CT)
CV 07-7459-AHS (CT)

CV 11-7300-AHS (PLA)
CV 12-869-AHS (PLA)
CV 13-7306-AHS (PLA)

for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing, *inter alia*, *US v. Oppenheimer*, 242 U.S. 85, 87-88, 37 S. Ct. 68 (1916))).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner's 1978 petition was dismissed on the merits in 1982. (See No. CV 07-7459-AHS (CT), Doc 3 at 2). In November 1981, the Ninth Circuit considered on appeal an earlier dismissal of the same petition and affirmed the District Court on two issues on the merits and remanded one issue, *id*. In August 1983, the Ninth Circuit affirmed the District Court's final dismissal on the merits, *id*. In petitioner's 2002 petition, the Court entered judgment dismissing the petition without prejudice because it was a successive petition and petitioner had not obtained leave to file from the Ninth Circuit, *id.* at 2-3. On December 2, 2002, the Ninth Circuit denied petitioner's request for a COA, *id.* at 3.

In the instant petition, petitioner appears to challenge the same 1973 conviction challenged in his 1978 petition, asserting that evidence was "illegally presented" at trial and that he was "erroneously prosecute[d]." Pet.'s Supp. Mem. at 3. He also asserts that, in proceedings on his 2002 petition, he was not afforded an evidentiary hearing "in accordance to the Standards of Review in 28 U.S.C. 2244(b)(2); 28 U.S.C. 2244(B)(3)(e); and as Ordered by the . . . Ninth Circuit in C.A. Case No. 06-55573[.]" Pet. at 5.

3

First, to the extent that petitioner seeks to challenge the 1973 conviction, even if he has raised different claims in this petition than those raised in his earlier petitions, such claims -- which relate to events that took place during trial -- could have been raised in his 1978 petition. Given that the 1978 petition was adjudicated on the merits and dismissed with prejudice, each claim in the instant petition is successive.

Next, to the extent petitioner is challenging any aspect of the proceedings related to his 2002 petition (Case No. CV 02-4413-AHS (CT)),[2] that action on remand was transferred to the Southern District of California on March 28, 2005. (See 2002 Petition, Docket No. 41). The instant petition contains no basis for challenging any aspect of that action here, especially more than eight years after the transfer.

Because petitioner has not presented any documentation showing that he has received the requisite authorization to file a successive petition from the Ninth Circuit, the Court concludes that it is without jurisdiction to entertain the instant petition under 28 U.S.C. § 2244(b). *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 793, 798 (2007); *Cooper*, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant petition must be dismissed without prejudice. *See, e.g., Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003); *Malave v. US*, 134 F. Supp.2d 1019, 1022 (E.D. Wis. 2001) ("Since the Court of Appeals has not authorized this Court to consider a second or successive 2255 petition by Malave, the Court has no choice but to dismiss the instant petition.") (n.4 omitted), *app. dis.* (7th Cir. Aug. 20, 2001).

THIS HABEAS PETITION MUST BE "REFERRED" TO THE NINTH CIRCUIT

**Ninth Circuit Rule 22-3(a)** clearly states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court *shall* refer it to the court of appeals." Emphasis added.

---

[2] The 2002 Petition was originally dismissed as second or successive, but the Ninth Circuit reversed that decision because petitioner persuasively contended that his claim – that he was being held beyond his mandatory parole date – could not have been raised in his earlier federal habeas petitions. *See Robert John Garcia v. Alameida*, No. 02-56331, 118 F. App'x 156 (9th Cir. 2004) (Leavy, McKeown, Berzon).

**It is a venerable principle of construction that the word "shall" indicates that the action is mandatory**, not optional or discretionary.  Recently the Supreme Court unanimously referred to "the mandatory word 'shall.'" *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *see also Gonzales v. Thaler*, – U.S. –, 132 S. Ct. 641 (2012) (the word "shall" in 28 U.S.C. § 2253(c)(3) underscores the mandatory nature of that provision); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518, 2531 (2007) ("Section 402(a) of the CWA provides, without qualification, that the EPA 'shall approve' a transfer application unless it determines that . . . . By its terms, the statutory language is mandatory . . . ."); *US v. Carter*, 742 F.3d 440, 446 (9th Cir. **2014**) ("[B]y using the words 'shall order' in a forfeiture statute, 'Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied'") (quoting *US v. Monsanto*, 491 U.S. 600, 607, 109 S. Ct. 2657 (1989)); *US v. Chavez*, 627 F.2d 953, 954-55 (9th Cir. 1980) (the structure of the statute "and the use of the word 'shall' compel the conclusion that the provision is mandatory.").

**Our Circuit has consistently applied this rule of construction, stating that "use of the words 'any' and 'shall' indicate that [a provision] is not permissive**," *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1181 (9th Cir. 2013) (citing, *inter alia*, *Alabama v. Bozeman*, 533 U.S. 146, 153, 121 S. Ct. 2079 (2001) ("The word 'shall' ordinarily is the language of command.") (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493, 55 S. Ct. 818 (1935))), and district courts in our circuit naturally have followed suit.  *See, e.g., Krangel v. Crown*, 791 F. Supp. 1436, 1440 (S.D. Cal.) (referring to "the word 'shall,' a clearly mandatory term, . . ."), *app. denied*, 968 F.2d 914 (9th Cir. 1992); *William v. Board of Prison Terms*, 2006 WL 463128, *3 (E.D. Cal. Feb. 24, 2006) ("What the Court found significant in the Nebraska statute and later . . . in the Montana parole statutes, was mandatory language:  the use of the word 'shall' . . . .") (citations omitted), *R&R adopted*, 2006 WL 845594 (E.D. Cal. Mar. 30, 2006).  *Accord* Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) ("The traditional, commonly repeatedly rule [of construction] is that 'shall' is mandatory . . . .").

The Supreme Court has "noted Congress's 'use of a mandatory shall to impose discretionless obligations[.]" *Nat'l Ass'n of Homebuilders*, 544 U.S. at 661, 127 S. Ct. at 2531 (quoting *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001)); *accord Ass'n of Civilian Technicians v. FLRA*, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("The word 'shall' generally indicates a command that admits of no discretion on the

part of the person instructed to carry out the directive."). **Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition, a federal district court has no choice but to "refer" the petition to the U.S. Court of Appeals for the Ninth Circuit.** Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a).

The question then arises whether the Court can both "refer" this petition to the Ninth Circuit and then dismiss the action here without prejudice for lack of subject-matter jurisdiction. Like numerous other district judges in our Circuit, this Court concludes that this is the appropriate course of action. The lack of subject-matter jurisdiction requires the Court to dismiss this action, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit, so the Court will do both. *See, e.g., Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (Fairbank, J.); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (Anderson, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the . . . [p]etition to the . . . Ninth Circuit . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.) (same); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Pregerson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.).[3]

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

---

[3] *Accord Richey v. Obenland*, 2013 WL 4054589, *3 (**W.D. Wash.** Aug. 12, 2013) (Settle, J.); *Hawkins v. Miller-Stout*, 2013 WL 6114976, *5 (W.D. Wash. Nov. 15, 2012) ("Hawkins filed a fourth federal habeas corpus petition challenging his custody. Finding the successive petition was subject to 28 U.S.C. § 2244(b), the Court transferred the petition to the Ninth Circuit pursuant to Circuit Rule 22-3."), *R&R adopted*, 2012 WL 6114946 (W.D. Wash. Dec. 20, 2012) (Bryan, J.); *Todd v. US*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (Robart, J.); *Hertzog v. Washington*, 2011 WL 7395090 (W.D. Wash. Nov. 30, 2011), *R&R adopted*, 2012 WL 527525 (W.D. Wash. Feb. 15, 2012) (Leighton, J.), *app. dis.*, No. 12-35042 (9th Cir. Mar. 9, 2012); *Sayasack v. Figueroa*, 2008 WL 943160 (W.D. Wash. Apr. 7, 2008) (Burgess, J.).

*See also Thornton v. Pachulke*, 2007 WL 3407047 (**E.D. Wash.** Nov. 13, 2007) (Whaley, C.J.); *Roberts v. Miller-Scott*, 2006 WL 3593225 (E.D. Wash. Dec. 8, 2006) (Suko, J.).

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or from a district judge's final order in a § 2254 proceeding,[4][5] and "'[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (Fairbank, J.) (quoting Rule 11(a) of Rules Governing § 2254 Cases). The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001), which means the court may grant a COA on one claim and not on others. *See, e.g., Brown v. Clark*, 2011 WL 2259130, *1 (C.D. Cal. June 6, 2011) (granting COA on Confrontation Clause claim but not others), *aff'd*, 477 F. App'x 430 (9th Cir. 2012).[6]

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Ruiz v. US*, 2014 WL 1487742, *8 (E.D. Cal. Apr. 15, 2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting concurrence in *Murden*).

A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor', *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2012) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here.'" *Cornish v. Brazleton*, 2014 WL 1457768, *2 (C.D. Cal. Apr. 15, 2014) (Fairbank, J.). Reasonable jurists would not find it debateable that this is a second-or-successive habeas petition for purposes of AEDPA. As a consequence, reasonable

---

[4] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[5] "There is an exception not applicable here: 'a COA is not required to appeal an order denying a motion for federally appointed counsel.'" *Fisher v. Barrios*, 2014 WL 1512186, *4 n.8 (C.D. Cal. Apr. 15, 2014) (Fairbank, J.) (quoting *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009)).

[6] "The Court of Appeals may also grant a COA on claims for which the district court expressly refused to grant a COA." *Harris v. US*, 2013 WL 8291426, *9 n.7 (C.D. Cal. Dec. 18, 2013) (Fairbank, J.) (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013), *cert. denied*, – U.S. –, – S. Ct. –, 2014 WL 713384, 82 U.S.L.W. 3695 (U.S. June 2, 2014) (No. 13-8821)).

jurists would not find it debatable that the petition must be referred to the Ninth Circuit for consideration as an application for leave to file such a petition. Nor would reasonable jurists find it debateable that the petition must then be dismissed without prejudice for lack of subject-matter jurisdiction. In the posture of this case, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983). The Court therefore will deny a COA.[7]

ORDER

Pursuant to Ninth Circuit R. 22-3(a), this petition is **REFERRED** to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive 28 U.S.C. § 2254 petition.

This action is then **dismissed without prejudice** for lack of subject-matter jurisdiction.

The Court **DENIES** a certificate of appealability.

As required by Fed. R. Civ. P. 58(a)(1), the Court will enter judgment by separate document.[8]

Said judgment will be final, but it will not be appealable until and unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[9]

---

[7] "Although a litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), 'the denial of a COA is not in itself appealable' to the Court of Appeals." *Romero v. Lewis*, No. CV 5:11-01426-VBF-JEM Doc. 22 (C.D. Cal. May 17, 2013) (quoting *Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g. recognized by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005))), *COA denied*, Doc 28 (C.D. Cal. Sept. 13, 2013), *COA denied*, Doc 31 (9th Cir. Apr. 22, 2014). *Accord Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2011).

[8] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013); *accord Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013). "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (Fairbank, J.) (quoting *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citing *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 224 (3d Cir. Ctr. 2007))). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143.

[9] *See Korn v. US*, 937 F. Supp.2d 1182, 1189 (C.D. Cal. 2013) (citing *Muth v. Fondren*, 676 F.3d 815, (continued...)

DATED: June 17, 2014

*Valerie Baker Fairbank*

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[9](...continued)
822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)). "Likewise, FED. R. APP. P. 22(b)(1) provides in pertinent part that 'if the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.'" *Elkins*, 2014 WL 2615732 at *14 n.5 (quoting FRAP and citing *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002) ("[A]s an appellate court panel, we are empowered to issue a COA pursuant to Fed. R. App. P. 22(b)(1) and [28 U.S.C.] § 2253(c)(1).")).