1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10                             **WESTERN DIVISION**

11

12

| | |
|---|---|
| | )   **No. LA CV 14-04224-VBF** |
| **ROBERT JOHN GARCIA,** | ) |
| | ) |
| **Petitioner,** | )   **OPINION AND ORDER** |
| | ) |
| v. | )   Denying Petitioner's Post-Judgment "Motion for a |
| | )   Clerical Error in Accordance with the FRAP, Rule |
| | )   3(d)(1)(2); and With Emphasis in the FRAP, Rule |
| TIMOTHY BUSBY (Warden) *et al.*, | )   4(b)"; |
| | ) |
| Respondents. | )   Denying a Certificate of Appealability |

19           Proceeding *pro se*, California state prisoner Robert John Garcia ("petitioner") filed this petition for

20    a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254.  By Opinion and Order issued June 17,

21    2014 (Case Management / Electronic Case Filing System Document ("Doc") 5), this Court (1) determined

22    that the petition was a second-or-successive petition for purposes of AEDPA, (2) found that petitioner had

23    not obtained advance leave from the U.S. Court of Appeals for the Ninth Circuit ("Circuit") to file the

24    petition here, (3) "referred" the matter to the Circuit as required by that court's Rule 22-3(a), (4) dismissed

25    the action without prejudice for lack of subject-matter jurisdiction, and (5) denied a certificate of

26    appealability ("COA").  On that same date, the Court entered judgment (Doc 6).

27           On October 16, 2014 – about four months after the entry of judgment – petitioner filed a request for

28    COA addressed to the undersigned District Judge (Doc 7); because this Court had already expressly denied

a COA in its June 17, 2014 Order (Doc 5), petitioner's request for a COA was treated as a notice of appeal with the Circuit (Doc 7).  The Circuit issued a notification (Doc 8) assigning appeal number 14-56714.  On November 26, 2014, the Circuit issued an order stating, "The request for a certificate of appealability is denied because the notice of appeal was not timely filed."  Doc 9 (citing 28 U.S.C. §§ 2107 and 2253(c)(2)).

On December 23, 2014 – over five months after entry of the order dismissing the habeas petition – the Court received a letter from petitioner stating, "On December 8, 2014, I had forwarded to the Court my Motion for the Correction of a Clerical Error for filing and as of yet, I have not received a mailing receipt." Doc 10 at 1.  Petitioner concluded, "I would highly appreciate that you let me know if the Court has received my motion or will I have to re-submit my motion." *Id.*  On December 29, 2014, the Magistrate Judge issued an Order (Doc 11) stating, "No such motion has been received by this Court.  The court clerk is directed to send petitioner a copy of the docket in this matter along with this order."

**Petitioner Garcia has now submitted a document entitled "Motion for a Clerical Error in Accordance with the FRAP, Rule 3(d)(1)(2); and With Emphasis in the FRAP, Rule 4(b)."** On January 26, 2015, the Court issued a Notice of Document Discrepancies (Form CV-104A) noting that the case was closed on June 17, 2014 and that this Court denied a COA on that same date, but permitting petitioner's motion to be filed.  **The Court will now deny the motion for lack of merit.**

Petitioner begins his motion by accurately noting that "on November 26, 2014, the United States Court of Appeals for the Ninth Circuit in C.A. Case No. 14-56714; contend[ed] that it did not receive the Notice of Appeal on time." Doc 14 at 2 (citing Exhibit ("Ex") A).  Petitioner then states as follows:

1) On June 17, 2014[,] the United States District Court for the Central District of California, and in case no. LA CV 14-04224-VBF-PLA issued its order in accordance to [sic] the United States Court of Appeals for the Ninth Circuit, Rule 22-3(a); and for a (COA) Certificate of Appealability to Appeal [sic].

2) On June 17, 2014, the Court directed the Court Clerk to forward the Notice of Appeal to the United States Court of Appeals for the Ninth Circuit.

1  Doc 14 at 3.  His characterization of this Court's June 17, 2014 Order (Doc 5) is not entirely accurate.

2  The June 17, 2014 Order (Doc 5) "referred" the case to the U.S. Court of Appeals as required by

3  Ninth Circuit Rule 22-3(a), dismissed this section 2254 action without prejudice for lack of jurisdiction, and

4  denied a certificate of appealability.  The June 17, 2014 Order (Doc 5) did *not* "direct the Court Clerk to

5  forward the Notice of Appeal to . . . the Ninth Circuit", because there was not yet any notice of appeal (or

6  any document which could be construed as a notice of appeal) on the docket of this case.  Petitioner did not

7  file anything in this case for four months after the issuance of the June 17, 2014 order.

8  Petitioner next filed a COA request, Doc 7, which he hand-dated October 14, 2014 and the Clerk's

9  Office filed on October 16, 2014.  Petitioner's October 16, 2014 COA request was addressed to the

10  undersigned District Judge, but the Clerk's Office, noticing that this Judge had already expressly denied a

11  COA in the June 17, 2014 Order, appropriately treated the "COA request" as a notice of appeal to be

12  directed to the U.S. Court of Appeals.  *Accord Hicks v. Berghuis*, 2014 WL 4594862, *2 (E.D. Mich. Sept.

13  14, 2014) ("[T]he content of the Motion for Certificate of Appealability makes it objectively clear that Hicks

14  intended to appeal the Court's dismissal of his habeas corpus petition.  * * *  Accordingly, the Court

15  construes petitioner's motion as a. . . notice of appeal and directs the Clerk of Court to follow the service

16  procedures set forth in Fed. R. App. P. 3(d).").

17

18  PETITIONER FAILS TO EXPLAIN HOW THE APPELLATE RULES WARRANT RELIEF

19  Petitioner opens his motion by stating that he seeks to correct "a clerical error in accordance [with]

20  the time limit's [sic] in the FRAP, 3(d)(1)(2)[,] with emphasis [o]n the FRAP, Rule 4(b)."  Doc 14 at 2.

21  Federal Rule of Appellate Procedure 3(d), Serving the Notice of Appeal, provides in its entirety as follows:

22

23  (1)  The district clerk must service notice of the filing of a notice of appeal by mailing a

24  copy to each party's counsel of record – excluding the appellant's – or, if a party is

25  proceeding pro se, to the party's last known address.  [omitting a sentence addressing

26  appeals by a defendant in a criminal case]  The clerk must promptly send a copy of

27  the notice of appeal and of the docket entries – and any later docket entries – to the

28

1    clerk of the court of appeals named in the notice.  The district court must note, on

2    each copy, the date on which the notice of appeal was filed.

3

4    (2)    If an inmate confined in an institution files a notice of appeal in the manner provided

5           by Rule 4( c), the district clerk must also note the date when the clerk docketed the

6           notice.

7

8    (3)    The district clerk's failure to serve notice does not affect the validity of the appeal.

9           The clerk must note on the docket the names of the parties to whom the clerk mails

10          copies, with the date of mailing.  Service is sufficient despite the death of a party or

11          the party's counsel.

12

13   Petitioner Garcia has not explained how FRAP 3(d)(1) or (2) applies here.  He fails to show (1) how this

14   Court or the Clerk of this Court somehow failed to comply with those Rules, and (2) how such non-

15   compliance entitles him to some specific relief from this Court.

16          As for FRAP 3(d)(1), petitioner does not appear to allege that the Clerk's Office failed to mail a copy

17   of any filing to his last known address.  Nor does he appear to allege that the Clerk's Office failed to mail

18   a copy of petitioner's notice of appeal (actually his COA request addressed to this Court, which was properly

19   treated as a notice of appeal and request for COA from the Ninth Circuit) "and any later docket entries" to

20   the Clerk of the U.S. Court of Appeals for the Ninth Circuit.  As for FRAP 3(d)(2), petitioner does not

21   appear to allege that the Clerk's Office failed to "note the date when the clerk docketed the notice" of appeal.

22          As for FRAP 4(b), it is entitled Appeal in a Criminal Case.  Because habeas corpus actions are

23   considered to be *civil* in nature, *see Ex Parte Tom Tong*, 108 U.S. 556, 559-60, 2 S. Ct. 871, 872-73 (1883),

24   FRAP 4(b) has no direct application to this habeas corpus action.

25

26          **To the extent that petitioner is arguing that the U.S. Court of Appeals did not comply with the**

27   **Federal Rules of Appellate Procedure in denying a COA and dismissing his appeal in 9th Cir. C.A.**

28   **No. 14-56714, this Court is without power to correct or remedy any alleged noncompliance by the**

1    **higher court.**  *Accord Thomas & Betts Corp. v. Richards Mfg. Co.*, 2010 WL 1705118, *2 n.2 (D.N.J. Apr.

2    26, 2010) ("[D]istrict courts lack the authority to correct mistakes of the Court of Appeals for their circuit.");

3    *Harris v. Maldonado*, 2006 WL 3909718, *3 (D.S.C. Jan. 10, 2006) ("[A] district court does not have the

4    authority to review the decision of the court of appeals of its circuit in order to ascertain if error exists, or

5    to correct any error."), *aff'd*, 201 F. App'x 166 (4th Cir. 2006); *see, e.g., Moore v. Mitchell*, 2014 WL

6    4273334, *8 (S.D. Ohio Aug. 29, 2014) (stating, on consideration of habeas petitioner's motion for relief

7    from judgment, "This Court has no authority under Rule 60 to correct asserted errors of law or fact

8    committed by the Court of Appeals."); *Boyer v. Conaboy*, 983 F. Supp.2d 4 (D.D.C. 1997) (district court

9    refused to entertain petition for writ of mandamus which would, if granted, have the effect of finding, as a

10   matter of law, that the U.S. Court of Appeals for its circuit had committed error).

11         If petitioner disagrees with the Circuit denying a COA and dismissing his appeal, he must "address

12   a request for relief to the court of appeals or the Supreme Court."  *Harris*, 2006 WL 3909718 at *3.

13

14         Petitioner Seeks Reconsideration of Denial of Certificate of Appealability in This Case

15         Petitioner concludes his motion by stating that he

16

17         *has not been afforded with [sic] an adequ[a]t[e] review of his case in the United States*

18         *Court of Appeals for the Ninth Circuit* and that Appellant has met the criterion [sic] for a

19         *(COA) Certificate of Appealability in C.A. Case No. 02-56331, 118 F. App'x 156 (9th Cir.*

20         *2004); and Appellant should be allowed to proceed with his Appeal in C.A. Case No. 14-*

21         *56714*; and with the Appointment of Counsel.

22

23   Doc 14 at 5 (emphasis added).  While "the denial of a COA is not in itself appealable" to the Court of

24   Appeals, *see Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d

25   1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g. recog'd by Jackson v. Roe*, 425 F.3d 654, 658-61

26   (9th Cir. 2005)), a habeas petitioner may ask a district court to reconsider its denial of a COA.  *See Ho v.*

27   *Carey*, 332 F.3d 587, 590 (9th Cir. 2003); *accord Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2011);

28   *see, e.g., Maki v. Legrand*, 2014 WL 1309231, *1 (S.D. Cal. Mar. 31. 2014) (Hicks, J.) ("Petitioner in all

1  events has not established a basis either for reconsideration of the dismissal [of his habeas petition] or of

2  the denial of a certificate of appealability.").

3

4  **Here, however, the Court is not writing on a clean slate with regard to the propriety of a COA.**

5  The Ninth Circuit has already expressly determined that a COA should not issue because petitioner's notice

6  of appeal was, in its view, untimely.[1]

7  **The Circuit's determination that the notice of appeal was untimely filed, is now the law of the**

8  **case.  Likewise, the Circuit's determination that petitioner is therefore not entitled to a COA is also**

9  **the law of the case.** *Accord Jackson v. Corcoran*, 539 F. App'x 152 (4th Cir. 2013) (per curiam) ("We have

10  previously rejected a motion for a certificate of appealability with respect to the denial of Jackson's habeas

11  petition, . . . , and that determination is now the law of the case.") (citations omitted); *Banks v. Dretke*, 3834

12  F.3d 272, 279 (5th Cir. 2004) ("We denied a COA on whether Banks' Cook-transcript *Brady* claim was

13  properly pleaded in the first instance; because the Supreme Court did *not* hold to the contrary, our decision

14  on that issue remains the law of the case."); *Pridgen v. Shannon*, 380 F.3d 721, 722 n.1 (3d Cir. 2004) ("The

15  District Court concluded that it was bound, under the law of the case doctrine, by an earlier panel of this

16  Court's denial of a Certificate of Appealability to Pridgen on a separate claim raised in his 60(b) motion.");

17  *United States v. Jones*, 2013 WL 1567404, *2 (W.D. Pa. Apr. 12, 2013) ("[T]he Third Circuit's

---

18

19  [1]   This Court issued both an Order dismissing the habeas petition and a Judgment on June 17, 2014,
and petitioner did not file the document which was construed as his notice of appeal until October 14, 2014.
20  *See* Fed. R. App. P. 4(a)(1) (Appeal as of Right-When Taken, Appeal in a Civil Case - Time for Filing a
Notice of Appeals) and Fed. R. App. P. 4 subsec. c (Appeal by an Inmate Confined in an Institution).

21

22      FRAP 4(a)(1)(B) subsections i through iii allow a civil litigant to file a notice of appeal within sixty
days of the district court's entry of judgment where one of the parties is the federal government, a federal
23  agency, or a federal employee sued in his official capacity.  FRAP 4(a)(1)(A) otherwise allows a civil litigant
thirty days to file a notice of appeal within thirty days from entry of judgment.

24

25      Assuming that petitioner had sixty days from entry of judgment to file a notice of appeal under FRAP
4(a)(1)(B), his deadline to submit his notice of appeal to prison authorities for mailing (FRAP 4 subsec. c)
26  would have been August 15, 2014.  He did not actually give prison authorities  the document which was
construed as a notice of appeal until October 14, 2014, and it was filed by this Court on October 16, 2014.

27

28      Petitioner does not appear to be asking this Court to retroactively extend his time to appeal *nunc pro
tunc* pursuant to Fed. R. App. P. 4(a)(5) or to reopen his time to appeal pursuant to Fed. R. App. P. 4(a)(6).

1  determination that no certificate of appealability was warranted with respect to those claims represents the

2  law of the case, and this Court is 'precluded from reconsidering its denial.'") (citation omitted).

3

4  "The law of the case doctrine generally precludes a court from 'reconsidering an issue that already

5  has been decided by the same court, or a higher court in the identical case.'" *Cotta v. County of Kings*, – F.

6  Supp.3d –, 2015 WL 106362, *7 (E.D. Cal. Jan. 7, 2015) (quoting *United States v. Alexander*, 106 F.3d 874,

7  876 (9th Cir. 1997)).  "'For the doctrine to apply, the issue in question must have been decided explicitly

8  *or by necessary implication* in the previous disposition.'" *United States v. Lummi Nation*, 763 F.3d 1180,

9  1185 (9th Cir. 2014) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).

10  Here, the Ninth Circuit expressly determined that petitioner Garcia is not entitled to a COA, based on its

11  express finding that his notice of appeal was not timely filed.  Thus, the law-of-the-case doctrine applies.

12  **A court may depart from the law of the case only if it is shown that** (1) the original decision is

13  clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority

14  makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial.

15  *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002); *see also Lummi Nation*, 763 F.3d at 1185

16  (holding that a district court abuses its discretion in applying the law-of-the-case doctrine "only if: (1) the

17  first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on

18  remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would

19  otherwise result.'") (quoting *Lummi Indian Tribe*, 235 F.3d at 452-53).

20  **Petitioner has not established any of these grounds which might justify this Court in departing**

21  **from the law of the case as determined by the Ninth Circuit.**  Petitioner fails to show that this Court's

22  June 17, 2014 decision (including its denial of a COA) was clearly erroneous.  He also fails to identify

23  material controlling authority issued after this Court's June 17, 2014 denial of a COA – or after the Circuit's

24  November 26, 2014 denial of a COA – that make issuance of a COA appropriate where both this Court and

25  the Circuit determined that it was not appropriate before.  Moreover, there was no remand or additional trial

26  here, so there has never been any "substantially different" new evidence presented "on remand", *Lummi*

27  *Nation*, 763 F.3d at 1185, or "at a subsequent trial", *Old Person*, 312 F.3d at 1039, which might bear on the

28

1   propriety of a COA in this case.  Finally, petitioner has not shown that it would "work a manifest injustice",

2   *Old Person*, 312 F.3d at 1039, to leave this Court's denial of a COA in place.

3        Thus, it would be inappropriate to depart from the law of the case by issuing a COA in direct

4   contradiction of the Circuit's determination that a COA should not issue.  *Cf., e.g., Education Logistics, Inc.*

5   *v. Laidlaw Transit, Inc.*, 583 F. App'x 624, 624 n.3 (9th Cir. 2014) ("Because Laidlaw has not shown that

6   the prior decision was 'clearly erroneous . . . and its enforcement would work a manifest injustice,' the law

7   of the case doctrine controls.") (quoting *United States v. Jingles*, 702 F.3d 494, 502-503 (9th Cir. 2013),

8   *cert. denied*, – U.S. –, 133 S. Ct. 1650 (2013)), *pet. cert. filed*, 83 U.S.L.W. 3354 (U.S. Nov. 20, 2014) (No.

9   14-607).  The Court therefore declines to reconsider its June 17, 2014 denial of a COA.

10

11       Nothing in this Order, however, prevents petitioner from asking the U.S. Court of Appeals for the

12  Ninth Circuit to reconsider *its* denial of a COA.  *See, e.g., Daniels v. Sisto*, 369 F. App'x 856 (9th Cir. 2010)

13  (("We construe Daniels' argument regarding the validity of his guilty plea as a motion to reconsider our prior

14  denial of a certificate of appealability as to this issue.  So construed, the motion is denied.").

15

16       This Court Lacks Authority to Issue a COA in the Former Case LA CV 02-04413-AHS-CT

17       Petitioner's concluding paragraph also asserts that he "has met the criterion for a (COA) Certificate

18  of Appealability in C.A. Case No. 02-56331,  118 F. App'x 156 (9th Cir. 2004); . . . ."  Doc 14 at 5.  In

19  *Robert John Garcia v. Alameida*, 118 F. App'x 156, 157 (9th Cir. 2004), a Circuit panel held that a habeas

20  petition in which petitioner argued that he was being held beyond his parole date, was not second or

21  successive to earlier petitions challenging his convictions and sentence because he could not have raised that

22  argument in the earlier petitions.  The panel reversed the late C.D. Cal. District Judge Hupp's dismissal of

23  that habeas petition as second-or-successive and remanded for the district court to consider the petition.

24       On remand, the Chief Judge issued an order in December 2004 (Doc 18) reassigning the case to

25  District Judge Stotler, who promptly issued an Order requiring the respondent to answer the habeas petition

26  (Doc 21) and an Order denying without prejudice petitioner's motion for appointment of counsel (Doc 22).

27  In March 2005, the respondent filed an answer (Docs 34-36) and petitioner filed a reply (Doc 38).  On March

28  28, 2005, Judge Stotler issued an Order (Doc 41) transferring the case to the Southern District of California,

1   petitioner's district of confinement, pursuant to 28 U.S.C. § 1404(a).  On April 20, 2005, the transferee court

2   issued a notice (Doc 45) acknowledging that it had received the case file on April 14, 2005.

3           On April 22, 2005, the Court received a letter from petitioner reporting a change of address (Doc 43).

4   The last filing in that case in this district was Magistrate Judge Turchin's April 25, 2005 Order (Doc 44)

5   advising petitioner that he should file all documents with the United States District Court for the Southern

6   District of California, and directing the Clerk to forward petitioner's letter to that court.

7           Thus, it is unclear why petitioner saw fit to mention *Garcia v. Alameida*, and he identifies no

8   authority to permit this Judge to issue a COA in a case which has never has been assigned to this Judge.

9

10          Petitioner Is Not Entitled to Appointment of Counsel Here or On Appeal to the Ninth Circuit

11          Petitioner asks this Court to appoint counsel to represent him – presumably on another attempted

12  appeal from this Court's June 17, 2014 Order (which dismissed his habeas petition without prejudice for

13  lack of jurisdiction), or perhaps another post-judgment motion here.  The Court will deny the request.

14          The Court begins by acknowledging its *statutory authority* to appoint counsel pursuant to 18 U.S.C.

15  § 3006A(a)(2)(B), which provides, "Whenever the united states magistrate judge or the court determines that

16  the interests of justice so require, representation may be provided for *any financially eligible person who*

17  – * * * *is seeking relief under section* 2241, *2254*, or 2255 of title 28."  Emphasis added.  The same statutory

18  section authorizes payment of attorneys appointed to represent indigent habeas petitioners.  *See* 18 U.S.C.

19  § 3006A(d) (Payment for Representation) and 18 U.S.C. § 3006A(i) (Appropriations).

20          The Court then reminds petitioner, however, that there is generally no *constitutional right* to counsel

21  in a civil case[2], *see United States v. 30.6 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986), and an action

22

23          [2]   Under U.S. Supreme Court precedent, a litigant may have a constitutional right to counsel in a civil
    case only if he "may lose his physical liberty if he loses the litigation", *see Lassiter v. Dep't of Soc. Servs.*,
24  452 U.S. 18, 25, 101 S. Ct. 2153 (1981), for example if nominally civil proceedings may lead to the litigant's
    involuntary commitment to a juvenile-delinquent facility or his involuntary transfer to a state psychiatric
25  hospital for treatment, *see Lassiter*, 452 U.S. at 25, 101 S. Ct. at 2158-59 (discussing *In re Gault*, 387 U.S.
    1, 87 S. Ct. 1428 (1967) and *Vitek v. Jones*, 445 U.S. 480, 100 S. Ct. 125 (1980)).
26

27          But *Lassiter* and the other aforementioned Supreme Court precedents are of no avail to petitioner
    here.  It is true that a litigant may have a constitutional right to counsel in a civil case if he "may lose his
28                                                                                                      (continued...)

1  for writ of habeas corpus is of course a civil action.  In civil cases generally, a federal court may appoint

2  counsel for indigent litigants only "*in exceptional cases*, . . . ."  *Spicer v. Richards*, 2008 WL 4181735, *2

3  (W.D. Wash. Sept. 8, 2008) (citing *Mallard v. U.S. District Court of Iowa*, 490 U.S. 296, 301, 308, 109 S.

4  Ct. 1814 (1989)) (emphasis added); *cf. also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court

5  may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. §

6  1915(e)(1)).") (citation omitted).

7        **In order to determine whether this is the extraordinary case where the Court would ask an**

8  **attorney to voluntarily represent a civil litigant on appeal, a federal district court in our circuit**

9  **"evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate**

10  **his or her claim pro se in light of the complexity of the legal issues involved."**  *Spicer*, 2008 WL

11  4181735 at *2 (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) and *Richards v.*

12  *Harper*, 864 F.2d 85, 87 (9th Cir.1988)).  "Neither of these issues is dispositive and instead must be viewed

13  together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

14        The Court perceives no particularly complex legal or factual issues which are implicated (1) by this

15  Court's June 17, 2014 dismissal without prejudice of petitioner's habeas petition, (2) by this Court's denial

16  of a COA, or (3) by the Clerk's Office treating petitioner's October 16, 2014 purported COA request to this

17  Court as a notice of appeal and COA request to be considered by the Ninth Circuit.  To the extent that

18  petitioner intends to ask the Ninth Circuit to reconsider *its* untimeliness determination and its consequent

19

20

    [2](...continued)

21  physical liberty if he loses the litigation", *see Lassiter*, 452 U.S. at 25, but "that is possible only when the
government brings the litigation", *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (n.11 omitted).

22  "Thus, due process does not require appointment of counsel for indigent prisoners pursuing . . . federal
habeas relief." *Pruitt*, 503 F.3d at 657 (citing *Murray v. Giarratano*, 492 U.S. 1, 11-12, 109 S. Ct. 2765

23  (1989) and *Pennsylvania v. Finley*, 481 U.S. 551, 556-57, 107 S. Ct. 1990 (1987)); *see, e.g., O'Neal v.*

24  *Sherman*, 2014 WL 5810308, *3 (C.D. Cal. Nov. 6, 2014) (Pregerson, J.) (stating, in dictum, that even if
the Court had habeas jurisdiction, petitioner's claim for ineffective assistance of counsel would not be

25  cognizable because "[b]y its terms, the Sixth Amendment applies only to 'criminal prosecutions'").

26

      "In the habeas context," our Circuit has held that "petitioners may be entitled to counsel if 'the

27  circumstances of a particular case indicate that appointed counsel is necessary to prevent due process
violations', *Chaney v. Lewis* 801 F.2d 1191, 1196 (9th Cir. 1986), but no such circumstances are present

28  here." *Kimpel v. California Dept' of Corrs.*, 2010 WL 532522, *1 (S.D. Cal. Feb. 8, 2010) (Burns, J.).

1  denial of a COA, the Court perceives no particularly complex legal or factual issues on that score, either.

2  Nor has petitioner shown a likelihood that he would prevail on the merits in a new appeal from this Court's

3  dismissal of his habeas petition for lack of jurisdiction, even if the Circuit found such an appeal timely and

4  reached its merits.  For these reasons, petitioner has not shown that it is "in the interests of justice", 18

5  U.S.C. § 3006A(a)(2)(B), to appoint counsel to represent him in this case at the trial level or on appeal.

6

7                                                         ORDER

8        Petitioner's post-judgment "Motion for a Clerical Error in Accordance with the FRAP, Rule

9  3(d)(1)(2); and With Emphasis in the FRAP, Rule 4(b)" **[Doc #14] is DENIED.**

10        **Petitioner's request** (contained within Doc #14) for reconsideration of the Court's June 17, 2014

11  denial of a certificate of appealability ("COA") in this case is **DENIED.**

12        **Petitioner's request** (contained within Doc #14) for the appointment of counsel is **DENIED**.

13        **Petitioner's request** (contained within Doc #14) that this Court issue a COA in C.D. Cal. Case No.

14  LA CV 02-04413-AHS-CT and/or S.D. Cal. Case No. CV 05-00786 is **DENIED**.

15        To the extent that a COA is required to appeal from this Order, the Court **DENIES** a certificate of

16  appealability.  Petitioner may seek a COA from the Ninth Circuit if he wishes to appeal from this Order.[3]

17

18                                                          *Valerie Baker Fairbank*

19  DATED:        February 10, 2015        _____

20                                          HONORABLE VALERIE BAKER FAIRBANK
                                            SENIOR UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26  _____

27        [3]*Accord Williams v. United States*, 2014 WL 2650246, *3 (D.S.D. June 13, 2014) ("[A] certificate of
    appealability shall not issue.  Mr. Williams may timely seek a certificate of appealability from the United
28  States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.").